UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZEYAD ABDELJABBAR, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07CV02114 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Zeyad Abdeljabbar's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [doc. #1].

## **I.   PROCEDURAL HISTORY**

On August 12, 2004, Zeyad Abdeljabbar ("Movant") was indicted for multiple counts of conspiracy to commit arson pursuant to 18 U.S.C. § 371, attempted arson pursuant to 18 U.S.C. § 844(I), arson pursuant to 18 U.S.C. § 844(I), and mail fraud pursuant to 18 U.S.C. § 1341.[1] Movant was offered a plea bargain of five years if he would plead guilty. Movant rejected the plea.

The Government then obtained an amended indictment, adding two counts of arson in furtherance of mail fraud, in violation of 18 U.S.C. § 844(h)(I). The first count of conviction under this statute would mandate the imposition of a ten-year prison sentence. A conviction on the second count of arson in furtherance of mail fraud would mandate a sentence of twenty years' imprisonment. This statute requires that the sentence for each count be served consecutively to

---

[1] Movant's criminal case is Case No. 4:04CR00442 SNL.

the other, and to any other sentence imposed for other convictions. Movant was found guilty of all charges at jury trial, and was sentenced to 495 months in prison.[2]

Movant appealed to the United States Court of Appeals for the Eighth Circuit from the judgment of conviction. The Court of Appeals affirmed the conviction on July 21, 2006. *United States v. Ihmoud*, 454 F.3d 887 (8th Cir. 2006).[3] On September 29, 2006, the Court of Appeals denied Movant's petition for a rehearing. Movant did not file a writ of certiorari in the United States Supreme Court.[4]

Movant raises seven grounds for relief in his Motion under 28 U.S.C. § 2255. Two relate to prosecutorial misconduct in charging and bargaining, one concerns the failure to disclose exculpatory evidence, the next involves the failure to investigate other suspects, and the final three grounds for relief concern ineffective assistance of counsel.

## II. RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

---

[2] Movant is currently incarcerated at the United States Penitentiary in Lee County, Virginia.

[3] Walid Ihmoud, Mohammad Almassri, Charles D'Ary and Movant were co-defendants, and they appealed to the Eighth Circuit. *United States v. Ihmoud*, 454 F.3d 887 (8th Cir. 2006).

[4] 28 U.S.C. § 2255 provides for a one year period from final judgment in which a movant may file a motion pursuant to this section. *See Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009). Movant's time for filing a petition for writ of certiorari expired on December 28, 2006, making the judgment final. *See Clay v. United States*, 537 U.S. 522, 524 (2003). Therefore, Movant had until December 28, 2007 to file the pending Motion. This action was timely filed.

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotations and citations omitted). Section 2255 claims may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the movant can demonstrate either cause for the default and actual prejudice, or actual innocence. *Thomas v. United States*, 2008 WL 380357, at *2 (E.D. Mo. Feb. 11, 2008); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this general prohibition exists where the alleged error constitutes a fundamental defect that results in a "complete miscarriage of justice." *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985).

### III.  EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a 28 U.S.C. § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record

affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. The Court notes that Movant's claims are inadequate on their face. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043. on their face. Therefore, no evidentiary hearing will be held. *See Shaw,* 24 F.3d at 1043.

## IV. DISCUSSION

### A. *PROSECUTORIAL MISCONDUCT : CHARGING AND BARGAINING*

Movant claims that there was prosecutorial misconduct in charging and bargaining because the amended indictment against him was inappropriate. Movant refused the offer of five year prison sentence in return for a guilty plea on the original indictment, and in response, the Government secured an amended indictment that included a mandatory consecutive prison term of 30 years. Movant contends that the new indictment served as a punishment for choosing to exercise his right to a trial. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (internal citations omitted). However, in the American legal system the prosecutor is invested with great power and discretion in both charging and bargaining. *See United States v. Armstrong*, 517 U.S. 456, 464-65 (1996); *Wayte v. United States*, 470 U.S. 598, 607 (1985).

The fact that the prosecutor sought to amend the indictment after Movant rejected the plea bargain was not out of the ordinary. *See Bordenkircher,* 434 U.S. at 363-64; *United States v. Pemberton*, 121 F.3d 1157, 1165 (8th Cir. 1997). The Supreme Court has recognized the importance of the bargaining process to the overall legal system. *Bordenkircher,* 434 U.S. at 361-62. "[I]n the "give-and-take" of plea bargaining, there is no such element of punishment or

4

retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id.* at 363. Movant has presented no evidence that suggests he was not free to accept or reject the prosecution's offer.

Not only was the timing of the amended indictment appropriate, the charges included in the amended indictment were also valid. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Id.* at 364. Movant has failed to present "objective evidence 'that the prosecutor's charging decision was motivated by a desire to punish him' for exercising his legal rights." *Luna v. Black*, 772 F.2d 448, 449 (8th Cir. 1985). The prosecutor informed Movant of his intent to bring these additional charges, and "[t]here is no due process violation when a defendant is openly presented with the 'unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Id.* (quoting *Bordenkircher*, 434 U.S. at 365). Movant knew when he rejected the plea bargain that these charges would ensue, and he cannot now claim that his due process rights were violated.

## B. *PROSECUTORIAL MISCONDUCT : SELECTIVE PROSECUTION*

Movant's second claim is that the prosecutors were motivated by ethnic prejudice rather than focused on achieving justice when they amended the indictment to include additional charges. The Eighth Circuit has adopted a two prong test for establishing a prima facie case of selective prosecution. *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004). Under the first prong, Movant must demonstrate that "people similarly situated to him were not prosecuted." *Id.* (citing

*United States v. Perry*, 152 F.3d 900, 903 (9th Cir. 1998)). The second prong then requires a showing that "the decision to prosecute was motivated by a discriminatory purpose." *Id.*

Prosecutorial decisions are supported by a "presumption of regularity" and courts must presume "that [prosecutors] have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1995) (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)). "[T]o dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary.'" *Id.* In his Petition, Movant suggests that other people in circumstances similar to him have not been charged to the same degree, however, he provides no concrete evidence that such is the case. Therefore, Movant fails to satisfy the first prong of the test.

Movant has also failed to satisfy the second prong of the test. Under this prong, Movant must demonstrate that his prosecution was "based upon an impermissible motive such as race, religion or an attempt by the defendant to secure other constitutional rights. *United States v. Huber*, 404 F.3d 1047, 1055 (8th Cir. 2005) (quoting *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998)). In his Traverse, Movant provides examples of other individuals with Middle Eastern and Persian heritage that are facing what Movant terms "excessive" charges. The Court has considered the cases cited, and finds that the charges are not inappropriate. Additionally, these examples do not provide any insight in to Movant's own case. Movant fails to satisfy both prongs of the test for establishing a prima facie case of selective prosecution, and his claim fails.

C.  *FAILURE TO DISCLOSE EXCULPATORY INFORMATION*

Movant alleges that the Government failed to provide his counsel with exculpatory information, depriving him of his Fifth and Sixth Amendment rights. To show a violation of the

6

Constitution based upon the Government's duty to provide exculpatory evidence to the defense, Movant "must establish that (1) the evidence was favorable to [him], (2) the evidence was material to guilt, and (3) the government suppressed evidence." *United States v. Barraza Carares*, 465 F.3d 327, 333 (8th Cir. 2006) (citing *United States v. Thomas*, 940 F.2d 391, 392 (8th Cir. 1991)).

Movant assets that since he has been incarcerated, he has learned of "numerous fires set by vandals in neighborhoods near his stores." He asserts that the evidence of these fires would have had value to his defense by "maintaining juror doubt about [Movant's] complicity." Movant is correct that the evidence of these additional fires could have provided an alternative explanation for the charged fires, and was favorable to him. However, "[w]hen assessing whether the [evidence] is exculpatory, it is important to look at the government's case to see how [the evidence] fits into the trial as a whole." *Barraza Carares*, 465 F.3d at 333-34. In light of all of the Government's other evidence, the favorable impact of the additional fires evidence would not have been significant, and as a result, the second element is not satisfied because this evidence was not material. This evidence would not have shifted the balance of the evidence in Movant's favor or altered the result of the proceeding. Additionally, Movant has failed to present any evidence relating to the third element, that "the government suppressed evidence." *Barraza Carares*, 465 F.3d at 333 (citing *Thomas*, 940 F.2d at 392). As a result, Movant does not meet the burden of establishing a Constitutional claim based on the failure to disclose exculpatory information.

## D.     *FAILURE TO INVESTIGATE OTHER SUSPECT*

Movant's fourth claim is that the Government failed to properly investigate a disgruntled former employee Movant identified as a suspect in the fires. Movant asserts that this former

7

employee was deported, rendering him unavailable. Movant claims this deprived him of his Fifth Amendment right to due process and his Sixth Amendment right to the effective assistance of counsel.

"[D]ue process is violated when testimony is made unavailable to the defense by Government deportation of witnesses 'only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact.'" *United States v. Bagley*, 473 U.S. 667, 682 (1985) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 874 (1982)). As the Court noted earlier, the Government presented a great deal of evidence demonstrating that Movant committed these offenses. As a result, the favorable impact of this evidence, if any, would not have been significant. This evidence would not have shifted the balance of the evidence in Movant's favor or altered the result of the proceeding, and Movant's Fifth Amendment due process rights were not violated.

Additionally, the deportation of this individual did not deprive Movant of his right to the effective assistance of counsel. The Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994) (citing *Kenley v. Armontrout,* 937 F.2d 1298 (8th Cir. 1991)). "Such a failure is not, however, a conclusive indication of ineffective assistance of counsel," because Movant must still "make a substantial showing that, but for counsel's failure to interview . . . the witnesses in question, there is a reasonable probability that the result of his trial would have been different." *Id.* Movant is unable to meet this burden because Movant's former counsel swears in his affidavit that each witness Movant identified was met with and interviewed by the defense team. Rosenblum Aff.

[doc. #4-2]. As a result, Movant cannot show that his counsel was not able to interview this witness, or that the outcome of his trial would have been different. Movant was not deprived of effective counsel by the Government's actions concerning the former employee and this claim fails.

E.  *INEFFECTIVE ASSISTANCE OF COUNSEL*

Ineffective assistance of counsel claims may be raised for the first time in a federal district court by a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a movant to demonstrate; (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

Under the first prong, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Even if sufficient proof of the first prong exists, relief may only be obtained if a movant also proves that the deficient performance prejudiced the case. *Id*. at 697. The Court may address the two *Strickland* prongs in any order, and if a movant fails to make a sufficient showing of one prong, the Court need not address the other prong. *See* Strickland, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025,

1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

Movant alleges that counsel provided ineffective assistance in three ways; truncating the defense by not calling specific witnesses and persuading the Movant not to testify, by not asserting selective prosecution as a defense, and by failing to make the Court aware of certain facts and circumstances surrounding the Movant during sentencing. Each allegation will be examined in turn.

1. **Testimony at Trial**

Movant asserts that his counsel was ineffective because he failed to sufficiently establish his character by presenting witnesses to testify about his positive attributes. "The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005) (quoting *United States v. Davidson,* 122 F.3d 531, 538 (8th Cir. 1997); *Bowman v. Gammon,* 85 F.3d 1339, 1345 (8th Cir. 1996)). When an attorney's trial strategy is at issue, the Court must presume that effective assistance was provided, "and will not second-guess strategic decisions or exploit the benefits of hindsight." *Payne v. United States*, 78 F.3d 343, 345 (8th Cir. 1996).

Additionally, the Court notes that Movant's counsel did call witnesses to support Movant's case. Movant's former banker Robert Kueker discussed the importance Movant's character played in his business loans being approved by the bank. (Trial Tr. Vol. 9 P.29 L.13-18). Movant's former civil lawyer Mark Levison was also called, and he testified to Movant's integrity and work ethic. (Trial Tr. Vol. 9 P.181 L.21-25; P.182 L.1-3; P.187 L.10-25; P.188

L.11-25; P.189 L.1-5). Counsel submitted an affidavit to the Court explaining this tactical decision. The affidavit declares that counsel "discussed the value of the testimony and potential difficulties [other witnesses'] cross-examinations might present to the defense and made the decision with Movant not to call further witnesses to testify." Rosenblum Aff. [doc. #4-2]. Movant is unable to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and this claim fails. *Strickland*, 466 U.S. at 689.

Movant also claims that his counsel was ineffective because he was persuaded not to testify. Because the decision not to testify at trial is Constitutionally guaranteed, it is a decision that only the defendant can make. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The final decision on whether Movant would testify was delayed as long as possible in order to allow Movant to make an informed decision. Rosenblum Aff. [doc. #4-2]. It appears from the trial transcript that Movant's decision not to testify was an important factor in shaping the entire defense and that Movant was well aware of the significance of his decision. (Trial Tr. Vol. 9 P.203 L.13-25; P.204 L.1-5). This is trial strategy, and when trial strategy is at issue, the Court must presume that effective assistance was provided, "and will not second-guess strategic decisions or exploit the benefits of hindsight." *Payne*, 78 F.3d at 345. The evidence shows that Movant freely made a well-informed decision on testifying, and this claim also fails.

**2.      Selective Prosecution**

Movant asserts that his counsel was ineffective for failing to raise selective prosecution as a defense. To satisfy the second prong of the *Strickland* test, Movant must show that "counsel's deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The Court has

already considered Movant's allegations of selective prosecution, and found that this claim fails. As a result, Movant is unable to show that the second *Strickland* prong has been satisfied because even if his counsel had raised this defense, it would have failed. His counsel was not ineffective for failing to raise the defense of selective prosecution, and this claim will be dismissed.

**3.      Sentencing**

Movant's final claim is that his counsel was ineffective during sentencing because he failed to highlight Movant's personal history, the disparity of the sentence imposed compared to the sentence imposed on others similarly situated, and the fact that Movant will likely face imprisonment until death. The two-prong *Strickland* test is also applied at the sentencing stage to determine if there is ineffective assistance of counsel. *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

Movant's claim that counsel failed to highlight his personal history does not satisfy the first prong of the *Strickland* test, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Counsel deferred to Movant to make statements informing the Court of his personal history at sentencing, and as a result, the Court was aware of Movant's history and could take it into consideration. (Sent. Hrg. Tr., Doc. # 295, P. 20).

Movant's second allegation, that counsel was ineffective for not discussing the disparity of the sentence imposed compared to the sentence imposed on others similarly situated, also fails to pass the first prong of the *Strickland* test. Counsel acted effectively during the sentencing process by filling an Objection to Presentence Investigation Report, representing Movant's interests and

attempting to get the base level and length of the sentence reduced. This performance was certainly not deficient, and the first prong of the *Strickland* test is not satisfied.

Movant's final claim is that counsel was ineffective for failing to highlight the fact that Movant will likely face imprisonment until death. This claim fails because it does not satisfy the second prong of the *Strickland* test, that "counsel's deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Movant failed to show that counsel's failure to highlight Movant's likely imprisonment until death prejudiced the sentencing decision, especially considering the statutorily mandated sentence of thirty years. All of Movant's claims of ineffective assistance of counsel during sentencing fail.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any of the dismissed claims that were raised in Movant's § 2255 Motion.

Dated this 29th day of July, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE